UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

REMEIKA LEBLANC

VERSUS

ALLSTATE INSURANCE COMPANY

CIVIL ACTION

NUMBER 14-763-SCR

**RULING ON MOTION TO EXTEND DISCOVERY DEADLINES**

Before the court is the Unopposed Joint Motion and Order to Extend Discovery Deadlines. Record document number 19.

The parties seek modest extensions of the deadlines to complete fact discovery, produce expert witness reports, and file dispositive and *Daubert* motions.[1] These deadlines were set in the Scheduling Order issued March 14, 2015,[2] and are the deadlines suggested by the parties in their Joint Status Report.[3] An Amended Scheduling Order was issued March 24, 2015 which added dates for the final pretrial conference and the trial.[4] The deadlines/dates from the original Scheduling Order were repeated in the Amended Scheduling Order.

Rule 16, Fed.R.Civ.P., requires a showing of good cause to

---

[1] The parties did not seek to extend the deadline for completing expert discovery, currently November 17, 2015, even though the proposed new deadline for the defendant to produce its expert reports is December 1, 2015.

[2] Record document number 15.

[3] Record document number 13, p. 6.

[4] Record document number 17.

extend a scheduling order deadline.  Furthermore the Scheduling Order specifically reminded the parties of this requirement:

> Joint, agreed or unopposed motions to extend scheduling order deadlines will not be granted automatically. **All motions to extend scheduling order deadlines must be supported by facts sufficient to find good cause as required by Rule 16, Fed.R.Civ.P.**[5]

This motion does not contain information sufficient to find good cause to extend any Amended Scheduling Order deadline.

The basis for the motion is that "discovery has not been completed" and the parties "are still in need of taking depositions and certain material depositions will not be completed before the discovery deadline" of September 10, 2015.  The motion does not describe any efforts by the parties to complete their fact discovery by the current deadline.  The motion does identify any particular fact discovery that is necessary - not just desirable - and which cannot be completed by the current fact discovery completion deadline if the parties diligently pursued that discovery.  The motion does not identify who still needs to be deposed, and what efforts were made to timely depose those persons.  The motion is simply devoid of any factual basis for extending the deadlines.  And absent such facts, the court has no way of assessing whether the requested extensions, although modest, are reasonable.

---

[5] Record document number 15, p. 2 (emphasis added).

While the court always encourages the parties and their attorneys to reach agreements on discovery matters, their bare agreement to extend a scheduling order deadline is not a substitute for the showing of good cause required by Rule 16.  If it were, then extensions of scheduling order deadlines could be obtained just by asking for them and the good cause requirement would become meaningless.

Accordingly, the Unopposed Joint Motion and Order to Extend Discovery Deadlines is denied.

Baton Rouge, Louisiana, September 9, 2015.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE