UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


REMEIKA LEBLANC

CIVIL ACTION

VERSUS

NUMBER 14-763-SCR

ALLSTATE INSURANCE COMPANY


**RULING MOTION TO COMPEL DISCOVERY**

Before the court is a Motion to Compel Discovery Responses filed by plaintiff Rameika LeBlanc.  Record document number 21.  No opposition has been filed.

Plaintiff filed this motion to compel defendant Allstate Insurance Company to respond to her Interrogatories and Request for Production of Documents served on June 25, 2015.[1]  Plaintiff also requested the defendant to produce several of its employees, Misty Finchum, Mark Marlon, Jodi Rushing, and a corporate representative, for depositions.[2]

Plaintiff provided evidence of her efforts to obtain the defendant's discovery responses prior to filing her motion.[3] Plaintiff asserted that she unsuccessfully attempted to resolve this discovery dispute with Allstate's counsel via face to face

---

[1] Record document number 21-2, Exhibit 1; record document number 21-3, Exhibit 2.

[2] Record document number 21-4, Exhibit 3.

[3] Record document number 21-1; record document number 21-4, Exhibit 3; record document number 21-5, Exhibit 4; record document number 21-6, Exhibit 5.

conversation, telephone conversation, written letter, and emails.
Plaintiff then filed this motion to compel.

Plaintiff also requested deposition dates from counsel for the
defendant for the Allstate employees but received no response.
Plaintiff set the depositions on September 9 and 10, 2015, the last
two days of the discovery period.[4]   Plaintiff asserted that she
served the deposition notices on the defendant's counsel because
the defendant had not provided these individuals' addresses in its
initial disclosures and did not respond to her written discovery
requests.   Plaintiff asserted that on September 4, 2015, the
defendant's counsel notified her counsel that it would not produce
its employees for their depositions.

Despite the plaintiff's efforts to obtain the discovery
responses, the defendant has not served its answers to
interrogatories or produced responsive documents.   Nor has the
defendant responded to this motion or otherwise furnished any
information indicating when its discovery responses will be
provided.

In these circumstances, under Rule 37(a)(3) and (d)(1)(A),
Fed.R.Civ.P., the plaintiff is entitled to an order requiring the
defendant to respond and imposing sanctions.   Defendant will be

---

[4] Rule 30, Fed.R.Civ.P., does not require that a deposition be
set only on a date convenient to the deponent and other counsel,
although this is the common practice.   The rule only requires
reasonable, written notice to all parties, and as to a non-party
deponent, service of a subpoena and tender of any applicable fees
when the notice and subpoena are served.

required to answer the interrogatories and produce responsive documents within 14 days.  No objections will be allowed.[5] Plaintiff can properly notice the depositions upon receipt of the defendant's discovery responses, which will include the addresses of the defendant's employees.

Rule 37(d)(3) incorporates the sanctions available under Rule 37(b)(2)(A)(i)-(vi).  Under Rule 37(d)(3) the court must require the party failing to act, or the attorney advising that party, or both, to pay the reasonable expenses, including attorney's fees caused by the failure unless the failure was substantially justified or other circumstances make an award of expenses unjust. Plaintiff's motion shows that a good faith attempt was made to obtain the discovery responses without court action.  Nothing in the record indicates that the defendant's failure was substantially justified or that there are any circumstances which would make an award of expenses unjust.  Therefore, the plaintiff is entitled to reasonable expenses under Rule 37(d)(3).  Plaintiff did not claim a specific amount of expenses incurred in filing this motion.  A review of the motion and memorandum supports the conclusion that an award of $300.00 is reasonable.

Accordingly, the Motion to Compel Discovery Responses filed by plaintiff Rameika LeBlanc is granted.  Defendant Allstate Insurance

---

[5] Generally, discovery objections are waived if a party fails to timely object to interrogatories, production requests or other discovery efforts.  *See*, *In re U.S.*, 864 F.2d 1153, 1156 (5th Cir.), *reh'g denied*, 869 F.2d 1487 (5th Cir. 1989); *Godsey v. U.S.*, 133 F.R.D. 111, 113 (S.D. Miss. 1990.)

Company shall serve its answers to the plaintiff's Interrogatories and produce documents responsive to the plaintiff's Request for Production of Documents, without objections, within 14 days.  After receipt of the defendant's answers, the plaintiff may notice depositions for Misty Finchum, Mark Marlon, Jodi Rushing, and a Rule 30(b)((6), Fed.R.Civ.P., deposition of defendant Allstate Insurance Company.  Pursuant to Rule 37(d)(3), the defendant shall pay to the plaintiff, within 14 days, her reasonable expenses in the amount of $300.00.

Baton Rouge, Louisiana, October 14, 2015.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE